UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MALIBU MEDIA, LLC,

                         Plaintiff,

    -against-

JOHN DOE, subscriber assigned IP
address 69.121.101.160,

                         Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-4806 (SJF)(SIL)

**LOCKE, Magistrate Judge:**

Presently before the Court in this copyright infringement action is Defendant John Doe's ("Defendant" or "Doe") Motion to Quash Subpoena or for Protective Order, which Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu Media") opposes. *See* Docket Entry ("DE") [13], [14]. For the reasons set forth herein, Defendant's motion is denied.

The relevant factual and procedural background is discussed at length in this Court's September 4, 2015 Order granting Plaintiff's Motion for Expedited Discovery (the "Discovery Order"), and is incorporated herein by reference. *See* DE [9]. By way of Complaint dated August 17, 2015, Malibu Media commenced this action against the Doe Defendant, alleging one count of direct copyright infringement in violation of 17 U.S.C. §§ 106, 501. *See* Compl., DE [1], ¶¶ 28-33. According to Plaintiff, between October 1, 2014 and July 24, 2015, Defendant illegally copied and distributed twenty-six movies to which Malibu Media owns the copyright. *Id.* at ¶ 20, Ex. B. Malibu Media further alleges that it "only knows defendant by his, her or its IP address," but

1

that "Defendant's Internet Service Provider can identify the Defendant." *Id.* at ¶¶ 9, 10. Accordingly, on September 2, 2015, Plaintiff filed a motion seeking leave to serve a third-party subpoena on Defendant's Internet Service Provider ("ISP"), Cablevision, pursuant to Fed. R. Civ. P. 26(f) (the "Discovery Motion"). *See* DE [5].

In the Court's September 4, 2015 Discovery Order, the Court granted the Discovery Motion, holding that "Malibu Media has demonstrated good cause for limited expedited discovery designed to ascertain the names and addresses of the Doe Defendants."[1] Discovery Order at 9. The Court also issued a Protective Order governing the manner in which such information would be disclosed. *Id.* at 10-12. Pursuant to the Protective Order, within sixty days of receiving a subpoena from Malibu Media, Defendant's ISP was required to provide notice thereof to Defendant. *Id.* at 11. Upon receiving such notice from the ISP, Defendant then had sixty days to file any motion with this Court seeking to contest the subpoena or litigate the subpoena anonymously. *Id.* If, after sixty days, Defendant did not contest disclosure of his identity, the ISP was required to either produce information responsive to the subpoena or file its own motion to quash within ten days. *Id.* at 12.

On or about September 29, 2015, Defendant received a letter from Cablevision informing him that Cablevision received a subpoena from Malibu Media seeking disclosure of Defendant's name and address (the "Cablevision Subpoena"). *See* Declaration of John Doe in Support of Motion to Quash (the "Doe Decl."), DE [13-2],

---

[1] Certain references in the Discovery Order are to more than one Defendant because Malibu Media filed numerous similar lawsuits followed by the same motion for expedited discovery concerning the identities of various Doe Defendants. *See* Discovery Order at 1-2 (identifying the nineteen cases to which the Discovery Order applies).

¶ 1. On November 19, 2015, Defendant filed the instant motion seeking an Order: (i) quashing the Cablevision Subpoena pursuant to Fed. R. Civ. P. 45(d), and (ii) protecting his identity from disclosure pursuant to Fed. R. Civ. P. 26(c). *See* Notice of Motion, DE [13]. Defendant "joins the John Doe motion in *Malibu Media v. John Doe* (15-cv-3504)" and requests "that the motion to reconsider and the reply memorandum of law be incorporated herewith." *See* Declaration of Jeltje DeJong (the "DeJong Decl."), DE [13-1], ¶4. Defendant further claims that he is "an innocent defendant being dragged into this litigation" and that he "did not download and [has] never downloaded the pornographic films." Doe Decl. ¶¶ 4, 5.

As an initial matter, in an August 23, 2016 Memorandum and Order, this Court denied the Doe defendant's motion to quash in *Malibu Media, LLC v. Doe*, No. 15-CV-3504 (JFB)(SIL). *See Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016). For the reasons set forth therein, the Court concludes that: (i) good cause exists to allow for the limited expedited discovery provided for in the Discovery Order; (ii) Defendant lacks standing to oppose the Cablevision Subpoena on undue burden grounds; (iii) the potential for disclosure of privileged or protected information does not warrant quashing the Cablevision Subpoena; and (iv) good cause does not exist to protect from disclosure the information sought in the Cablevision Subpoena pursuant to Fed. R. Civ. P. 26.

Next, to the extent that Defendant argues that he is "an innocent defendant being dragged into this litigation," *see* Doe Decl. ¶ 5, whether Defendant ultimately has meritorious defenses to Plaintiff's claims is not relevant for purposes of the

3

instant motion to quash or Plaintiff's ability to obtain the discovery sought in the Cablevision Subpoena. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (observing that there is no "probability of success on the merits" requirement in order to obtain discovery); *see also Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 197 (N.D. Ill. 2013) ("Whatever the merits of the Putative Defendants' arguments, they put the cart before the horse: a subpoena cannot be quashed on the basis of general denials of liability."); *TCYK, LLC v. Does 1-47*, No. 13-CV-539, 2013 WL 4805022, at *4 (S.D. Ohio Sept. 9, 2013) ("[A]rguments related to the merits of the allegations are appropriately addressed in the context of a motion to dismiss or a motion for summary judgment, rather than on a motion to quash."); *West Bay One, Inc. v. Does 1-1,653*, 270 F.R.D. 13, 15 (D.D.C. 2010) ("While the movants' denial of liability may have merit, the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."). Therefore, Defendant's general denials of liability are not a sufficient basis to quash the Cablevision Subpoena.

Based on the foregoing, Defendant's motion is denied in its entirety. However, consistent with the Court's Discovery Order, and on Plaintiff's consent, Defendant may litigate this action anonymously through the close of discovery. *See* Discovery Order at 12; *see also Malibu Media, LLC v. John Doe No. 4*, No. 12 Civ. 2950, 2012 WL 5987854, at *4-5 (S.D.N.Y. Nov. 30, 2012) (denying motion to quash, but allowing the defendant to proceed anonymously). Moreover, the October 6, 2015 Order staying the directives and relief provided for in the Court's September 4, 2015 Discovery Order is hereby vacated. Malibu Media is instructed to: (i) serve a copy of this Order

4

on the Doe Defendant's ISP; and (ii) re-serve a copy of the Cablevision Subpoena and the Court's September 4, 2015 Discovery Order on the Doe Defendant's ISP.  The Discovery Order's Protective Order shall continue to govern the manner in which the expedited discovery is conducted, and the time limits and deadlines provided for therein shall reset upon re-service of the Cablevision Subpoena and Discovery Order.

Dated: Central Islip, New York
       August 25, 2016

**SO ORDERED**

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge